650 So.2d 198 (1995)
S.D., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-329.
District Court of Appeal of Florida, Third District.
February 15, 1995.
Bennett H. Brummer, Public Defender, and Rosa C. Figarola, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Charles M. Fahlbusch, Asst. Atty. Gen., and Cindy Lenoff Zatzman, Certified Legal Intern, for appellee.
Before COPE, LEVY and GODERICH, JJ.
PER CURIAM.
S.D., a juvenile, appeals from the denial of his motion to suppress evidence. We affirm.
S.D. is a student at Miami Central High School. Through an anonymous tip, a school security employee learned that a student in physical education class had a bulge in his pants and was believed to be in possession of a gun. This anonymous tip also gave a description of the clothing the student was wearing.
The school security employee went to the gym, approached S.D., and told him to go outside; at this time, S.D. was not free to leave. The school security employee did not notice a bulge in S.D.'s pants. As they were walking, the school security employee asked S.D. whether he could search him; S.D. did not respond. As they were entering the locker room, a firearm dropped out of S.D.'s pants.
A petition for delinquency was filed charging S.D. with carrying a concealed firearm. S.D. filed a motion to suppress evidence on the ground that the stop and detention was not founded on a reasonable suspicion, thus tainting the subsequent seizure of the firearm. The motion was denied. S.D. entered a plea of nolo contendere reserving his right to appeal the denial of his motion to suppress evidence.
As the record demonstrates, the school security employee was not a law enforcement officer and was not acting at the behest of law enforcement officials. As such, the standard enunciated in New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985), is applicable. When law enforcement is not involved "the legality of a search of a student should depend simply on the reasonableness, under all the circumstances, of the search." T.L.O., 469 U.S. at 341, 105 S.Ct. at 742.
*199 In the instant case, under all the circumstances, the actions of the school security employee were reasonable. An anonymous tip indicated that a student in physical education class was carrying a gun. The anonymous tip gave a description of the clothing the student was wearing, thereby enabling the school security employee to immediately approach S.D. upon entering the gym. When taking into consideration that there were approximately 150 students in the gym and that it was possible that S.D. was carrying a firearm, the school security employee's action of stopping S.D. for a brief investigatory detention was reasonable. Accordingly, we affirm the denial of the motion to suppress.